IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP JACKSON AND DANIECE BONNER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 04 C 5056 |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) ) | |
| Defendant. | ) ) | |
| NOAH DOWNS, JR., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 724 |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) ) | |
| Defendant. | ) ) | |
| SHARON ACKMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 05 C 3759 |
| MIDLAND CREDIT MANAGEMENT, INC. | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

    On December 7, 2004, plaintiffs Phillip Jackson and Daniece Bonner filed a consolidated

class action complaint alleging a violation Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"), against defendant Midland Credit Management, Inc. ("defendant") (04 C 5056, Dkt. No. 1). Two related cases, *Downs v. Midland Credit Management*, (05 C 724, Dkt. No. 26), and *Ackman v. Midland Credit Management*, (05 C 3759, Dkt. No. 17), were reassigned to this court pursuant to Local Rule 40.4 (collectively "plaintiffs"). Pending before the court are the defendant's April 27, 2006 motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules") (Dkt. Nos. 132, 136), the defendant's April 27, 2006 *Daubert* motion to bar the plaintiffs' expert (Dkt. No. 139), the plaintiffs' June 5, 2006 motion for summary judgment (Dkt. No. 143) and the defendant's June 26, 2006 motion to strike (Dkt. No. 157). For the reasons set forth below, this court grants the defendant's motion for summary judgment.

## BACKGROUND

The defendant is a debt collector. It purchased debts from third-party creditors. The plaintiffs had outstanding debts with the third-party creditors that were purchased by the defendant. The defendant sent letters to the plaintiffs attempting to collect the plaintiffs' outstanding debts. The plaintiffs alleges that these letters violate § 1692e of the FDCPA.

The collection letters in dispute are entitled "Settlement Opportunity." (Dkt. No. 145 at Ex. G). The top portion of the letter lists Midland Credit Management, Inc. plus its address, telephone and fax contact information. The letter also contained the date the letter was produced, the name of the plaintiff's account, account number, the third-party creditor that originally owned the debt, the current balance on the debt and a payment due date. (*Id.*) The payment due date stated in the letter is approximately one month after the date of the letter. The

2

center portion of the collection letter states:

> Dear [plaintiff],
>
> You won't want to miss this settlement opportunity offered to you by Midland Credit Management, Inc, servicer of the above referenced account.
>
> Recognizing that you may have gone through some financial difficulty and have been unable to satisfy your account we would like to offer you a **positive and flexible option** to resolve your account for 50% off the Current Balance.
>
>> **If we receive payment by [one month after the date of the letter], in the amount of [50% of the current balance due], we will consider the account balance paid in full!**
>
> **CALL NOW!** To take advantage of this opportunity, please contact us **TOLL-FREE** at [providing 1 800 number] and any of our Account Managers will be able to assist you.
>
> **MAIL!** You may prefer to settle your Current Balance by using the Acceptance Certificate below. Simply detach the form and enclose it with your [payment of 50% of the current balance due] in the envelope provided. ...

(*Id.*) (emphasis in original). The bottom portion of the collection letter is a tear off stub that the plaintiff encloses with his or her mailed payment. The stub is entitled "Acceptance Certificate" and also states the account number, current balance, amount due and payment due date. (*Id.*)

## LEGAL STANDARDS

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In considering a motion for summary judgment, this court is not required to scour the record in search of evidence

to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003). In evaluating a motion for summary judgment, this court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) ("The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims."). A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *see, e.g.*, *Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). The evidence relied upon in defending a motion for summary judgment must be competent evidence of a type otherwise admissible at trial. *Stinnett v. Iron Work Gym/Exercise Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002).

## ANALYSIS

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. This includes "the use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e (10). The purpose of the FDCPA is to "protect against abusive debt collection practices which would likely disrupt a debtor's life." *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 767 (N.D. Ill. 2005) (quoting *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000)).

4

This court evaluates FDCPA claims through the eyes of an "unsophisticated debtor." *McMillian v. Collection Professionals Inc.*, – F.3d –, No. 05-2745, 2006 WL 1867483, at *2 (7th Cir. July 7, 2006) (citing *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). "The unsophisticated debtor is regarded as 'uninformed, naive, or trusting,' but nonetheless is considered to have a 'rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Sims v. GC Servs., L.P.*, 445 F.3d 959, 963 (7th Cir. 2006) (quoting *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004)). This is an objective standard and therefore rejects "unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters" or the view of the "least sophisticated debtor." *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414-15 (7th Cir. 2005) (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000); *Gammon*, 27 F.3d at 1257).

Summary judgment may be awarded to the plaintiff when "an FDCPA violation is ... 'clearly' evident on the face of a collection letter." *Durkin*, 406 F.3d at 415 (citing *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996); *Bartlett v. Heibl*, 128 F.3d 497, 501-02 (7th Cir. 1997); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518-19 (7th Cir. 1997)). As for the defendant's motion for summary judgment, "a plaintiff's mere claim of confusion is not enough to withstand a motion for summary judgment. Rather, a plaintiff must demonstrate that the letter's language unacceptably increases the level of confusion." *Sims*, 445 F.3d at 963 (citing *Durkin*, 406 F.3d at 414-15). The plaintiff can demonstrate a triable issue of fact if the "collection letter is confusing or unclear on its face" or through "objective evidence of confusion ... such as surveys that attempt to measure the level of consumer understanding" of the letter. *Id.*

(citing *Durkin*, 406 F.3d at 414-15; *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004); *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)).

Plaintiffs argue that summary judgment should be granted because an FDCPA violation is clearly evident on the face of the letters. They allege that the letters are actually false because the letters state that the defendant is offering a "one time only deal" when the reality is that the defendant is willing to make this same deal in the future. The letters are also allegedly false because they state that the defendant will only allow the plaintiff to pay 50% of the owed debt when the defendant would allow the plaintiff to pay a lesser amount. The plaintiffs also argue that they can demonstrate, through a consumer survey, that the letters incorrectly imply that the consumer is faced with a "one time take it or leave it" option which is not the reality in this case. The defendant argue that there is no FDCPA violation on the face of the letter because the letters are factually correct. The defendant also challenge this court's consideration of the plaintiffs' consumer survey through it pending *Daubert* motion. Finally, the defendant's wish to strike certain factual information presented in the plaintiffs' Rule 56.1 materials.

This court concludes that there is no FDCPA violation on the face of the letter. The defendant has decided to provide an offer in which the plaintiff can pay off his or her debt at 50% of what is owed within approximately one month of the date of the letter. If the plaintiff does not pay off his or her debt by the payment date, the amount of the debt, and the corresponding 50% payment, will increase through the accrual of interest over the intervening period. As such, the defendant needs to provide an updated letter to include the newly accrued interest in the new 50% pay off figure. A failure to provide a follow up letter would result in either waiving the interest or reducing the amount requested to below 50%.

6

This court notes that although there is no controlling decision from the United States Court of Appeals for the Seventh Circuit on this type of letter, the plaintiffs' arguments conflict with the decisions of almost every court, including every district court in this Circuit, to consider this type of letter. *See Jackson v. Nat'l Action Fin. Servs., Inc.*, – F. Supp. 2d –, No. 04 C 1805, 2006 WL 1976066, at *8 (N.D. Ill. July 11, 2006) (citing *Hernandez v. AFNI, Inc.*, 428 F. Supp. 2d 776, 780-81 (N.D. Ill. 2006); *Hancock v. Receivables Mgmt. Solutions, Inc.*, No 06 C 1365, 2006 WL 1525723, at *3 (N.D. Cal. May 30, 2006); *Headen v. Asset Acceptance, L.L.C.*, No. 1:04 CV 2016 DFH TAB *et al.*, 2006 WL 839482, at *1 (S.D. Ind. Mar. 28, 2006); *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 772 (N.D. Ill. 2005); *Headen v. Asset Acceptance*, 383 F. Supp. 2d 1097, 1104-05 (S.D. Ind. 2005); *Johnson v. AMO Recoveries*, 427 F. Supp. 2d 953, 956 (N.D. Cal. 2005); *Kilszek v. Nelson, Watson, & Assoc., L.L.C.*, No. 04 C 2604, 2006 WL 335788, at *6 (M.D. Penn. Feb. 14, 2004); *Kahen-Kashani v. Nat'l Action Fin. Servs.*, No. 03 C 828A, 2004 WL 2126707 (W.D.N.Y. Sept. 21, 2004)). This court joins with the courts that have determined that the arguments, like those presented by the Plaintiffs' in this case, present an inappropriate application of the FDCPA. The court also note that the plaintiffs' reliance on *Goswami v. American Collections Enter., Inc.*, is misplaced. 377 F.3d 488 (5th Cir. 2004). As Judge Castillo explained in *Jackson*, all courts to have considering *Goswami* have limited *Goswami's* holding to the situation in which the letter contains an explicit statement that the letter is presenting a one time only offer. *Id.* Goswami is distinguishable from the present case because the letter in this case does not have the explicit language of a one time only offer and the plaintiffs present arguments do not present any reason for applying *Goswami* to the present case.

Nothing on the face of the letter requires payment. Instead, the letter states that it is

offering a "settlement opportunity" and a "**positive and flexible option**." (Dkt. No. 145 at Ex. G) (emphasis in original). An unsophisticated debtor is aware of the effects of interest, and when given the choice by the debt collector, the plaintiff can choose to pay a debt immediately or face a higher payment at a later date due to the accrual of additional interest. Additionally, the fact that the defendant was willing to accept less than 50% of the debt does not make the 50% option presented on the letter false or misleading as the defendant's offer was for 50%.[1] The plaintiffs' interpretation would require the defendant to list the lowest amount at which it is willing to settle in the original letter. However, as Judge Castillo in *Jackson*, this is not required of the defendant under the FDCPA. *Id.* This court concludes that an unsophisticated consumer is often aware that he or she is able to negotiate a better deal on his debt in the same way that a consumer negotiates a price below an automobile's sticker price. The plaintiffs owe 100% on their debt to the defendant and the fact that the defendant was willing to reduce it to 50% to resolve the debt should have indicated to an unsophisticated consumer that negotiation was possible.

Moving beyond the face of the letter, the plaintiffs also argue that summary judgment should be granted in their favor because the letter is deceptive and misleading as demonstrated through their consumer survey. The defendant's *Daubert* motion of April 27, 2006 (Dkt. No.

---

[1] On June 26, 2006, the defendant filed a pending motion to Strike Certain Responses Made [by the Plaintiffs'] to Defendant's Rule 56.1 Statement of Undisputed Material Facts and to Strike Certain Statements in the Plaintiffs' Rule 56.1 Statement of Facts. (Dkt. No. 157). The defendant's motion to strike disputed whether there was sufficient evidence in the record to support whether the defendant allowed the settlement of a debt below 50% and who had the authority to make that settlement offer. However, as discussed above, even presuming that the defendant would be willing to settle below 50% of the outstanding debt, the information presented in its letter is factually correct, the defendant was not obligated to detail in its letter to the plaintiffs that it would accept below 50% and so the motion to strike is moot.

139) seeks to bar the admission of the plaintiffs' consumer survey. The defendant's position is that there is no evidence, once the survey is excluded, to support the plaintiffs' argument and therefore the defendant should be granted summary judgment. However, this court need not reach the *Daubert* issue as, even considering the plaintiffs' survey information, there is still no evidence in the record to demonstrate a violation of the FDCPA.

The plaintiffs' argue that their consumer survey demonstrates that "the payment deadline language in defendant's form letter has the effect of deceiving and misleading consumers to believe that the offer is a one time, take it or leave it offer that expires upon the stated deadline and thereby attempts to induce immediate payment." (Dkt. No. 144 at pg. 14). The plaintiffs point out that 82.5% of participants surveyed believed that the letter provided a one time offer. (*Id.* at pg. 13). The problem with the plaintiffs' argument is that the defendant's letter is in fact making a one time offer but it is a truthful one time offer. Under the offer, the plaintiff has the option of paying off his debt for the stated amount of 50% of the current amount owed on the debt. The pay off amount will be higher in later months through the operation of interest. Thus, the letter is truthfully providing a "one time take it or leave it" offer as to the calculation of the 50% of the amount owed. It is not, however, making a "one time take it or leave it" offer as to the ability to resolve the debt for 50% of the balanced owed. The problem with the plaintiffs' survey is that it never explored the participants' view of what the one time offer was, the current amount owed or the 50% payment option. (Dkt. No. 146 at Ex. C). The survey never asked the respondent's view on whether a unsophisticated consumer receiving the letter would believe that he or she had the option to pay now at the amount requested or could take advantage of the 50% option at a later date. Consequently, the defendant is entitled to summary judgment as the

9

plaintiffs' survey does not demonstrate consumer confusion. The only remaining dispute in the record are the plaintiffs individual claims of confusion and "a plaintiff's mere claim of confusion is not enough to withstand a motion for summary judgment." *Sims v. GC Servs., L.P.*, 445 F.3d 959, 963 (7th Cir. 2006).

## CONCLUSION

For the reasons set forth above, defendant Midland Credit Management's April 27, 2006 motion for summary judgment (Dkt. Nos. 132, 136) is granted. Defendant Midland Credit Management's April 27, 2006 *Daubert* motion (Dkt. No. 139) and June 26, 2006 motion to strike plaintiffs' Rule 56.1 responses are moot. The plaintiffs' June 5, 2006 motion for summary judgment is denied. (Dkt. No. 143). The clerk of the court is requested to enter judgment in favor of defendant Midland Credit Management against the plaintiffs' claims in Case No. 04 C 5056, 05 C 724 and 05 C 3759. Case completed.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: August 18, 2006